1 | Matthew J. Matern (CA SBN 159798)
mmatern@maternlawgroup.com
2 | Joshua D. Boxer (CA SBN 226712)
jboxer@maternlawgroup.com
3 | Roy K. Suh (CA SBN 283988)
rsuh@maternlawgroup.com
4 | **MATERN LAW GROUP, PC**
1230 Rosecrans Avenue, Suite 200
5 | Manhattan Beach, California 90266
Telephone:  (310) 531-1900
6 | Facsimile:  (310) 531-1901

7 | Attorneys for Plaintiff ALEJANDRA
GARCIA individually and on behalf of
8 | others similarly situated

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRA GARCIA individually and on behalf of others similarly situated | CASE NO. |
| Plaintiff | **CLASS ACTION COMPLAINT** |
| v. | 1. Failure to Provide Required Meal Periods |
| NRI USA, LLC, a California limited liability company; DECTON INC., a California corporation; DECTON SOUTHWEST INC., a Nevada corporation; DECTON HR INC., a California corporation; DECTON CORPORATE SERVICES INC., a California corporation; and DOES 1 through 50, inclusive, | 2. Failure to Provide Required Rest Periods<br>3. Failure to Pay Overtime Wages<br>4. Failure to Pay Minimum Wages<br>6. Failure to Timely Pay Wages<br>7. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>8. Failure to Furnish Accurate Itemized Wage Statements<br>9. Failure to Maintain Required Records<br>10. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>11. Unfair and Unlawful Business Practices |
| Defendants | **DEMAND FOR JURY TRIAL** |

i

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CALIFORNIA 90266

## NATURE OF ACTION

1.      Plaintiff ALEJANDRA GARCIA, an individual ("PLAINTIFF"), brings this class action case on behalf of herself and all other similarly situated current and former non-exempt employees, who worked in the State of California for defendants NRI USA, LLC, a California limited liability company; DECTON INC., a California corporation; DECTON SOUTHWEST INC., a Nevada corporation; DECTON HR INC., a California corporation; DECTON CORPORATE SERVICES INC., a California corporation; and DOES 1 through 50, inclusive (collectively, "DEFENDANTS") during the relevant statutory periods ("CLASS MEMBERS"), against DEFENDANTS to remedy DEFENDANTS' illegal wage payment policies and practices, for which PLAINTIFF seeks damages, restitution, penalties, injunctive relief, interest, attorneys' fees and costs, and all other legal and equitable remedies deemed just and proper under California law.

## JURISDICTION AND VENUE

2.      Pursuant to 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act), this Court has jurisdiction over this matter because it is a proposed class action case in which PLAINTIFF and CLASS MEMBERS number at least 100 persons, PLAINTIFF is a citizen of a state different than at least one (1) of the DEFENDANTS, and the matter in controversy exceeds the sum value of $5,000,000.00, exclusive of interest and costs.

3.      This Court's exercise of personal jurisdiction over DEFENDANTS is proper because DEFENDANTS have, at all relevant times, engaged in the illegal acts and omissions, which are the subject of this matter, to establish sufficient minimum contacts with the State of California.

4.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims in this matter including occurred in this judicial district.

## PLAINTIFF AND CLASS MEMBERS

5.      PLAINTIFF is a citizen and resident of the State of California and a former employee of DEFENDANTS. DEFENDANTS employed PLAINTIFF in a non-exempt

MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Ste 200
Manhattan Beach, California 90266

1  position in DEFENDANTS' warehouse facilities located in Los Angeles, California until
2  around March 2017. PLAINTIFF reserves the right to name additional class
3  representatives.

4      6.    CLASS MEMBERS are similarly situated current and former non-exempt
5  employees of DEFENDANTS who worked for DEFENDANTS in the State of California
6  at any time during the four (4) years prior to the filing of this action and ending at the
7  time this action settles or proceeds to final judgment (the "CLASS PERIOD").

8  **DEFENDANTS AND DOES 1-50**

9      7.    PLAINTIFF is informed and believes, and thereon alleges, that Defendant
10  NRI USA, LLC ("DEFENDANT NRI USA, LLC") is, and at all times relevant to this
11  action was, a limited liability company organized and existing under the laws of the State
12  of California. PLAINTIFF is further informed, believes and thereon alleges that, at all
13  relevant times, the State of California authorized DEFENDANT NRI USA, LLC to
14  conduct and that DEFENDANT NRI USA, LLC did conduct business in California under
15  California entity number 2011279100004.

16      8.    PLAINTIFF is informed and believes, and thereon alleges, that Defendant
17  DECTON INC. ("DEFENDANT DECTON INC.") is, and at all times relevant to this
18  action was, a corporation formed and existing under the laws of the State of California.
19  PLAINTIFF is further informed, believes and thereon alleges that, at all relevant times,
20  the State of California authorized DEFENDANT DECTON INC. to conduct and that
21  DEFENDANT DECTON INC. did conduct business in California under California entity
22  number C2471145.

23      9.    PLAINTIFF is informed and believes, and thereon alleges, that Defendant
24  DECTON SOUTHWEST INC. ("DEFENDANT DECTON SOUTHWEST INC.") is, and
25  at all times relevant to this action was, a foreign corporation formed and existing under
26  the laws of the State of Nevada. PLAINTIFF is further informed, believes and thereon
27  alleges that, at all relevant times, the State of California authorized DEFENDANT
28  DECTON SOUTHWEST INC. to conduct and that DEFENDANT DECTON

MATERN LAW
GROUP, PC
1230 Rosecrans
Avenue, Ste. 200
Manhattan Beach
California 90266

2

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

1  SOUTHWEST INC. did conduct business in California under California entity number
2  C3782449.

3      10.    PLAINTIFF is informed and believes, and thereon alleges, that Defendant
4  DECTON HR INC. ("DEFENDANT DECTON HR INC.") is, and at all times relevant to
5  this action was, a corporation formed and existing under the laws of the State of
6  California. PLAINTIFF is further informed, believes and thereon alleges that, at all
7  relevant times, the State of California authorized DEFENDANT DECTON HR INC. to
8  conduct and that DEFENDANT DECTON HR INC. did conduct business in California
9  under California entity number C3802159.

10      11.    PLAINTIFF is informed and believes, and thereon alleges, that Defendant
11  DECTON CORPORATE SERVICES INC. ("DEFENDANT DECTON CORPORATE
12  SERVICES INC.") is, and at all times relevant to this action was, a corporation formed
13  and existing under the laws of the State of California. PLAINTIFF is further informed,
14  believes and thereon alleges that, at all relevant times, the State of California authorized
15  DEFENDANT DECTON CORPORATE SERVICES INC. to conduct and that
16  DEFENDANT DECTON CORPORATE SERVICES INC. did conduct business in
17  California under California entity number C3433355.

18      12.    PLAINTIFF does not know true names and capacities of DOES 1 through
19  50, inclusive, at this time and, therefore, sues such DOES as defendants under fictitious
20  names. PLAINTIFF is informed, believes and thereon alleges that each defendant
21  designated as a DOE is in some manner highly responsible for the occurrences alleged
22  herein and that their acts and omissions proximately caused PLAINTIFF'S and CLASS
23  MEMBERS' injuries. PLAINTIFF shall seek leave of this Court to amend this Complaint
24  to allege the true names and capacities of such DOES when ascertained.

25      13.    PLAINTIFF is informed, believes and thereon alleges that DEFENDANTS
26  and DOES 1 through 50, inclusive, at all relevant times, were the joint employers, alter
27  egos, divisions, affiliates, integrated enterprises, subsidiaries, parents, principals, sisters,
28  related entities, co-conspirators, agents, partners, joint venturers, servants, joint

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

3

1   enterprisers, and/or guarantors, actual or ostensible, of each other and that
2   DEFENDANTS and DOES 1 through 50, inclusive, performed the acts and omissions
3   that proximately caused PLAINTIFF'S and CLASS MEMBERS' injuries in concert with
4   each other.

5       14.    PLAINTIFF is informed, believes and thereon alleges that each of the
6   DEFENDANTS completely dominated his, her or its co-defendant and that each of the
7   DEFENDANTS authorized, actually or ostensibly, his, her or its co-defendant to perform
8   the acts and omissions alleged herein within the course and scope of their agencies.
9   PLAINTIFF is further informed, believes and thereon alleges that to the extent that
10  certain DEFENDANTS perpetrated certain acts and omissions, the remaining
11  DEFENDANTS condoned, authorized and ratified such acts and omissions.

12      15.    At all relevant times, DEFENDANTS exercised control over PLAINTIFF'S
13  and CLASS MEMBERS' wages, hours and working conditions under employment
14  agreements that were partly written, partly oral and partly implied. Accordingly, and
15  unless alleged otherwise, whenever PLAINTIFF alleges that any of the DEFENDANTS
16  committed an act or omission proximately causing PLAINTIFF'S and CLASS
17  MEMBERS' injuries, PLAINTIFF alleges that each of the DEFENDANTS are culpable
18  and liable for that act or omission individually, jointly, and severally.

19                    **CLASS ALLEGATIONS**

20      16.    At all relevant times, DEFENDANTS acted pursuant to, and in furtherance
21  of, their uniform business policies and practices of failing to pay PLAINTIFF and
22  CLASS MEMBERS all wages earned and due to them by and through methods and
23  schemes which include, but are not limited to, failing to timely provide compliant meal
24  periods (or to pay compensation for a lack thereof); failing to timely provide compliant
25  rest periods (or to pay compensation for a lack thereof); failing to pay all minimum
26  wages due; failing to pay all overtime wages due; failing to timely pay all wages due
27  during employment; failing to timely pay all wages to due at time of discharge or
28  quitting; failing to provide accurate itemized statements; failing to maintain accurate

MATERN LAW
GROUP, PC
1230 Rosecrans
Avenue, Ste. 200
Manhattan Beach,
California 90266

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

1    records; and failing to indemnify PLAINTIFF and CLASS MEMBERS for necessary

2    expenditures and/or losses incurred in discharging their duties.

3         17.    DEFENDANTS' acts and omissions are in violation of the California Labor

4    Code, the applicable Industrial Welfare Commission ("IWC") Wage Order and the

5    California Business and Professions Code, which prohibits such unfair business practices.

6         18.    As a direct and proximate result of DEFENDANTS' unlawful acts and

7    omissions, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer,

8    from loss of earnings and other remunerations in amounts as yet unascertained, but

9    subject to proof at trial, and within the jurisdiction of this Court.

10        19.    Accordingly, PLAINTIFF brings this class and representative action to

11   recover, among other things: wages and penalties from unpaid wages earned and due,

12   including, but not limited to, unpaid meal premium payments, unpaid rest premium

13   payments, unpaid minimum wages, unpaid overtime wages, amounts due for failure to

14   timely pay all wages due during employment; amounts due for failure to timely pay all

15   wages to due at time of discharge or quitting, amounts due for failure to provide accurate

16   itemized wage statements, amounts due for failure to maintain required records, amounts

17   due for failure to indemnify employees for necessary expenditures and/or losses incurred

18   in discharging their duties, and interest, attorneys' fees, costs, and expenses.

19                        **PROPRIETY OF CLASS ACTION**

20        20.    This action is appropriately suited for class treatment because:

21             a.    The potential class is a significant number and joinder of all current

22   and former employees individually would be impracticable.

23             b.    This action involves common questions of law and fact to the

24   potential class because the action focuses on DEFENDANTS' illegal practices and

25   policies which were applied to all non-exempt employees in violation of the Labor Code,

26   the applicable IWC Wage Order, and the Business and Professions Code which prohibits

27   unfair business practices arising from such violations.

28   \ \ \

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH
CALIFORNIA 90266

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

c.    PLAINTIFF'S claims are typical of CLASS MEMBERS' claims because DEFENDANTS subjected all non-exempt employees to the same violations of the California Labor Code, the applicable IWC Wage Order, and the California Business and Professions Code.

d.    PLAINTIFF does not have any interests adverse to the interests of CLASS MEMBERS and will fairly and adequately protect the interests of all CLASS MEMBERS.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order Nos. 4-2001 and 9-2001, § 11]**

**(Against all DEFENDANTS)**

21.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-20 as if fully set forth herein.

22.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than a 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code §§ 226.7, 512 and IWC Wage Order Nos. 4-2001 and 9-2001, § 11.

23.    DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order Nos. 4-2001 and 9-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

24.    DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 5-2001 by failing to compensate PLAINTIFF and

6

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE. 200
MANHATTAN BEACH,
CALIFORNIA 90266

1  CLASS MEMBERS for all hours worked during their meal periods.

2      25.    As a proximate result of the aforementioned violations, PLAINTIFF and

3  CLASS MEMBERS have been damaged in an amount according to proof at trial, and

4  seek all wages earned and due, interest, penalties, expenses, and costs of suit.

5  ### SECOND CAUSE OF ACTION

6  **Failure to Provide Required Rest Periods**

7  **[Cal. Labor Code §§ 226.7, 512; IWC Wage Order Nos. 4-2001 and 9-2001, § 12]**

8  **(Against all DEFENDANTS)**

9      26.    PLAINTIFF refers to and incorporates by reference all facts alleged in

10  paragraphs 1-20 as if fully set forth herein.

11      27.    At all times relevant herein, as part of DEFENDANTS' illegal payroll

12  policies and practices to deprive their non-exempt employees all wages earned and due,

13  DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as

14  required under California Labor Code §§ 226.7 and 512, and IWC Wage Order Nos. 4-

15  2001 and 9-2001, § 12.

16      28.    DEFENDANTS further violated California Labor Code § 226.7 and IWC

17  Wage Order Nos. 4-2001 and 9-2001, § 12 by failing to pay PLAINTIFF and CLASS

18  MEMBERS who were not provided with a rest period, in accordance with the applicable

19  wage order, one additional hour of compensation at each employee's regular rate of pay

20  for each workday that a rest period was not provided.

21      29.    As a proximate result of the aforementioned violations, PLAINTIFF and

22  CLASS MEMBERS have been damaged in an amount according to proof at trial, and

23  seek all wages earned and due, interest, penalties, expenses, and costs of suit.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

MATERN LAW
GROUP, PC
1230 Rosecrans
Avenue, Ste 200
Manhattan Beach,
California 90266

7

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

## THIRD CAUSE OF ACTION

**Failure to Pay Overtime Wages**

**[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order Nos. 4-2001 and 9-2001, § 3]**

**(Against all DEFENDANTS)**

30.     PLAINTIFF incorporates by reference all facts alleged in paragraphs 1-20 as if fully set forth herein.

31.     Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order Nos. 4-2001 and 9-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours on the seventh consecutive day of work in any workweek.

32.     PLAINTIFF and CLASS MEMBERS are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 5-2001. During the CLASS PERIOD, DEFENDANTS failed to compensate PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the foregoing provisions of the California Labor Code and IWC Wage Order by, among other things, failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by California Labor Code §§ 510, 1194, and IWC Wage Order Nos. 4-2001 and 9-2001, § 3; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked.

33.     In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

1  CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to

2  the use and enjoyment of such wages, lost interest on such wages, and expenses and

3  attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations

4  under state law, all to their respective damages in amounts according to proof at time of

5  trial, and within the jurisdiction of this Court.

6        34.    DEFENDANTS' conduct described herein violates California Labor Code

7  §§ 510, 1194, 1198 and IWC Wage Order Nos. 4-2001 and 9-2001, § 3. Therefore,

8  pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other

9  applicable provisions under the California Labor Code and IWC Wage Orders,

10  PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages

11  owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and

12  costs of suit.

13                        **FOURTH CAUSE OF ACTION**

14                        **Failure to Pay Minimum Wages**

15  **[Cal. Labor Code §§ 1194, 1197; IWC Wage Order Nos. 4-2001 and 9-2001, § 4]**

16                        **(Against all DEFENDANTS)**

17        35.    PLAINTIFF refers to and incorporates by reference all facts alleged in

18  paragraphs 1-20 as if fully set forth herein.

19        36.    Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order

20  Nos. 4-2001 and 9-2001, § 4, payment to an employee of less than the applicable

21  minimum wage for all hours worked in a payroll period is unlawful.

22        37.    During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and

23  CLASS MEMBERS minimum wages for all hours worked by, among other things:

24  requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the

25  clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work

26  through meal and rest breaks; illegally and inaccurately recording time in which

27  PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain

28  PLAINTIFF'S and CLASS MEMBERS' records; failing to provide accurate itemized

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

9

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

1  wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other

2  methods to be discovered.

3      38.    DEFENDANTS' conduct described herein violates California Labor Code

4  §§ 1194, 1197, and IWC Wage Order Nos. 4-2001 and 9-2001, § 4. As a proximate result

5  of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been

6  damaged in an amount according to proof at trial. Therefore, pursuant to California Labor

7  Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the

8  Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to

9  recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest,

10  penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

### Failure to Pay Timely Wages During Employment

### [Cal. Labor Code § 204]

### (Against All DEFENDANTS)

15      39.    PLAINTIFF refers to and incorporates by reference all facts alleged in

16  paragraphs 1-20 as if fully set forth herein.

17      40.    Pursuant to California Labor Code § 204, for all labor performed between

18  the 1st and 15th days of any calendar month, DEFENDANTS are required to pay their

19  nonexempt employees between the 16th and 26th day of the month during which the

20  labor was performed. California Labor Code § 204 also provides that for all labor

21  performed between the 16th and 30th days of any calendar month, DEFENDANTS are

22  required to pay their nonexempt employees between the 1st and 10th day of the following

23  calendar month. In addition, California Labor Code § 204 provides that all wages earned

24  for labor in excess of the normal work period shall be paid no later than the payday of the

25  next regular payroll period.

26      41.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully

27  failed to pay PLAINTIFF and CLASS MEMBERS all the wages they earned when due as

28  required by California Labor Code § 204.

MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Ste. 200
Manhattan Beach, California 90266

42.    Pursuant to California Labor Code § 210, failure to pay the wages of each employee as provided in California Labor Code § 204 will subject DEFENDANTS to a civil penalty of: (1) one hundred dollars ($100) for each failure to pay each employee for each initial violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus twenty-five percent (25%) of the amount unlawfully withheld, for each subsequent violation.

43.    DEFENDANTS' conduct described herein violates California Labor Code § 204. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 210, 226, 558, 1194, 1197.1 and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## SIXTH CAUSE OF ACTION

### Failure to Pay All Wages Due to Discharged and Quitting Employees

### [Cal. Labor Code §§ 201, 202, 203]

### (Against all DEFENDANTS)

44.    PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-20 as if fully set forth herein.

45.    Pursuant to California Labor Code §§ 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

46.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or

11

MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Ste. 200
Manhattan Beach,
California 90266

1  wages at the time of quitting.

2       47.    California Labor Code § 203 provides that if an employer willfully fails to

3  pay, in accordance with California Labor Code §§ 201 and 202, any wages of an

4  employee who is discharged or who quits, the employer is liable for waiting time

5  penalties in the form of continued compensation to the employee at the same rate for up

6  to 30 workdays.

7       48.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay

8  accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in

9  accordance with California Labor Code §§ 201 and 202.

10       49.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available

11  statutory penalties, including the waiting time penalties provided in California Labor

12  Code § 203, together with interest thereon, as well as other available remedies.

13       50.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

14  PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount

15  according to proof at the time of trial, but not in excess of the jurisdiction of this Court,

16  and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees

17  and costs, pursuant to California Labor Code § 1194.

18  **SEVENTH CAUSE OF ACTION**

19  **Failure to Furnish Accurate Itemized Wage Statements**

20  **[Cal. Labor Code §§ 226, 1174; IWC Wage Order Nos. 4-2001 and 9-2001, § 7]**

21  **(Against all DEFENDANTS)**

22       51.    PLAINTIFF refers to and incorporates by reference all facts alleged in

23  paragraphs 1-20 as if fully set forth herein.

24       52.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll

25  policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages

26  earned and due, DEFENDANTS knowingly and intentionally failed to maintain records

27  as required under California Labor Code §§ 226, 1174, and IWC Wage Order Nos. 4-

28  2001 and 9-2001, § 7, including, but not limited to, the following records: total daily

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE. 200
MANHATTAN BEACH,
CALIFORNIA 90266

1 | hours worked by each employee; applicable rates of pay; all deductions; meal periods;
2 | time records showing when each employee begins and ends each work period; and
3 | accurate itemized statements.

4 |     53.    As a proximate result of DEFENDANTS' unlawful actions and omissions,
5 | PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to
6 | proof at trial, and are entitled to all wages earned and due, plus interest thereon.
7 | Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory
8 | penalties, including, but not limited to, civil penalties pursuant to California Labor Code
9 | §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys'
10 | fees, including, but not limited to, those provided in California Labor Code § 226(e), as
11 | well as other available remedies.

12 | **EIGHTH CAUSE OF ACTION**

13 | **Failure to Maintain Required Records**

14 | **[Cal. Labor Code §§ 226; IWC Wage Order Nos. 4-2001 and 9-2001, § 7]**

15 | **(Against all DEFENDANTS)**

16 |     54.    PLAINTIFF refers to and incorporates by reference all facts alleged in
17 | paragraphs 1-20 as if fully set forth herein.

18 |     55.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide
19 | PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage
20 | statements in writing showing each employee's gross wages earned, total hours worked,
21 | all deductions made, net wages earned, the name and address of the legal entity or entities
22 | employing PLAINTIFF and CLASS MEMBERS, and all applicable hourly rates in effect
23 | during each pay period and the corresponding number of hours worked at each hourly
24 | rate, in violation of California Labor Code § 226 and IWC Wage Order Nos. 4-2001 and
25 | 9-2001, § 7.

26 |     56.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally
27 | failed to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and
28 | itemized wage statements in accordance with California Labor Code § 226(a).

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE. 200
MANHATTAN BEACH,
CALIFORNIA 90266

57.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including, but not limited to, civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including, but not limited to, those provided in California Labor Code § 226(e), as well as other available remedies.

## NINTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

58.     PLAINTIFF refers to and incorporates by reference all facts alleged in paragraphs 1-20 as if fully set forth herein.

59.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

60.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including, but not limited to, expenses for cell phone use and other employment-related expenses, in violation of California Labor Code § 2802.

61.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon

14

pursuant to California Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS

MEMBERS are entitled to all available statutory penalties and an award of costs,

expenses, and reasonable attorneys' fees, including those provided in California Labor

Code § 2802(c), as well as other available remedies.

## TENTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code §§ 17200 *et. seq.*]

### (Against all DEFENDANTS)

62.    PLAINTIFF refers to and incorporates by reference all facts alleged in

paragraphs 1-20 as if fully set forth herein.

63.    Each and every one of DEFENDANTS' acts and omissions in violation of

the California Labor Code and/or the applicable IWC Wage Order as alleged herein,

including, but not limited to, DEFENDANTS' failure and refusal to provide required

meal periods, DEFENDANTS' failure and refusal to provide required rest periods,

DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS'

failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all

wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to

furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to

maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF

and CLASS MEMBERS for necessary expenditures and/or losses incurring in

discharging their duties, constitutes an unfair and unlawful business practice under

California Business and Professions Code §§ 17200, *et seq.*

64.    DEFENDANTS' violations of California wage and hour laws constitute an

unfair or unlawful business practice because DEFENDANTS' aforementioned acts and

omissions were done repeatedly over a significant period of time, and in a systematic

manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

65.    DEFENDANTS have avoided payment of wages, overtime wages, meal

periods, rest periods, and other benefits as required by the California Labor Code, the

MATERN LAW
GROUP, PC
1230 Rosecrans
Avenue, Ste. 200
Manhattan Beach,
California 90266

15

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

66.     As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

67.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including, but not limited to, orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but not in excess of the jurisdiction of this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF, individually, and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.     For compensatory damages in an amount to be ascertained at trial;

2.     For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS for DEFENDANTS' unfair and unlawful business practices;

3.     For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order Nos. 4-2001 and 9-2001;

4.     For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.     For preliminary and permanent injunctive relief enjoining DEFENDANTS

16

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE. 200
MANHATTAN BEACH,
CALIFORNIA 90266

1 | from violating the relevant provisions of the California Labor Code and the IWC Wage

2 | Orders, and from engaging in the unlawful business practices complained of herein;

3 |      6.    For waiting time penalties pursuant to California Labor Code § 204;

4 |      7.    For statutory and civil penalties according to proof, including, but not

5 | limited to, all penalties authorized by the California Labor Code §§ 226(e) and 588;

6 |      8.    For interest on the unpaid wages at 10% per annum pursuant to California

7 | Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other

8 | applicable provision providing for pre-judgment interest;

9 |      9.    For reasonable attorneys' fees and costs pursuant to California Labor Code

10 | §§ 1194, 2802, California Civil Code § 1021.5, and/or any other applicable provisions

11 | providing for attorneys' fees and costs;

12 |      10.    For declaratory relief;

13 |      11.    For an order certifying the First, Second, Third, Fourth, Fifth, Sixth,

14 | Seventh, Eighth, Ninth, Tenth and Eleventh Causes of Action as a class action;

15 |      12.    For an order appointing PLAINTIFF as a class representative and

16 | PLAINTIFF'S counsel as class counsel; and

17 |      13.    For such further relief that the Court may deem just and proper.

18 | DATED November 13 , 2017

Respectfully Submitted,
**MATERN LAW GROUP, PC**

By: _____

MATTHEW J. MATERN
JOSHUA D. BOXER
ROY K. SUH

Attorneys for Plaintiff ALEJANDRA
GARCIA individually and on behalf of
others similarly situated

MATERN LAW
GROUP, PC
1230 Rosecrans
Avenue, Ste. 200
Manhattan Beach,
California 90266

17

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable by jury as of right.

DATED November 13, 2017

Respectfully Submitted,
**MATERN LAW GROUP, PC**

By: _____
MATTHEW J. MATERN
JOSHUA D. BOXER
ROY K. SUH

Attorneys for Plaintiff ALEJANDRA GARCIA individually and on behalf of others similarly situated

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN BEACH,
CALIFORNIA 90266

18

CLASS ACTION COMPLAINT FOR DAMAGES AND PENALTIES