# United States District Court
# Central District of California

| | |
|---|---|
| ALEJANDRA GARCIA,<br><br>          Plaintiff,<br><br>     v.<br><br>NRI USA, LLC; DECTON INC.;<br>DECTON SOUTHWEST INC.; DECTON<br>HR INC.; DECTON CORPORATE<br>SERVICES INC.; DOES 1 through 50,<br><br>          Defendants. | Case № 2:17-CV-08355-ODW-GJS<br><br>**ORDER DENYING DEFENDANTS'**<br>**MOTION TO DISMISS AND/OR**<br>**STAY THE ACTION [31]** |

## I.  INTRODUCTION

This is a wage-and-hour putative class action.  Before the Court is Defendants NRI USA, LLC ("NRI"), Decton Inc., Decton Southwest Inc., Decton HR Inc., and Decton Corporate Services Inc.'s (collectively the "Decton Defendants") Motion to Dismiss the State Law Claims and/or to Stay the Action.  For the following reasons, the Court **DENIES** Defendants' Motion.  (ECF No. 31.)

## II.  FACTUAL BACKGROUND

Plaintiff began working for Defendants in a warehouse facility in Los Angeles, California in March 2017.  (First Am. Compl. ("FAC") ¶ 6, ECF No. 28.)  On November 14, 2017, Plaintiff filed a complaint in Los Angeles Superior Court against NRI alleging "illegal payment policies and practices" and seeking civil penalties

under California's Private Attorney General Act ("PAGA"). (Defs.' Req. Judicial Notice Ex. 1, ECF No. 31-2.)[1]

On November 15, 2017, Plaintiff initiated this case against NRI and the Decton Defendants alleging state-law claims under the California Labor Code and Unfair Competition Law arising out of the same factual circumstances as the pending PAGA case in state court. (*Compare id.*, *with* Compl., ECF No. 1.) Plaintiff asserted that this Court had jurisdiction over her state-law claims under the Class Action Fairness Act. (Compl. ¶ 2.) On January 11, 2018, the parties stipulated to allow Plaintiff to file her First Amended Complaint, which she submitted the same day. (ECF No. 27; First Am. Compl. ("FAC"), ECF No. 28.) In her FAC, Plaintiff added a claim for a collective action under the Fair Labor Standards Act ("FLSA"). (FAC ¶¶ 69–76.) She also asserted a new basis for jurisdiction; namely, that the Court has original jurisdiction over the FLSA claim and supplemental jurisdiction over the state-law claims. (*Id.* ¶ 2.)

On January 25, 2018, Defendants moved to dismiss arguing that the requirements for CAFA jurisdiction are not met and the Court should decline to exercise supplemental jurisdiction over the state-law claims when those claims predominate over the only federal law claim. (Mot. 7–17, ECF No. 31-1.) Defendants also argue that the Court should dismiss or stay this action because Plaintiff impermissibly split her claims between state and federal court. (*Id.* at 18– 20.) Lastly, Defendants argue that the Court should stay this case pending a decision from the U.S. Supreme Court in *Ernst & Young LLP v. Morris*, because Plaintiff signed a valid arbitration agreement which also waived her right to bring a class or

---

[1] Defendants ask the Court to take judicial notice of the state court complaint. The Court finds that state-court filings and dockets are appropriate for judicial notice and, therefore, **GRANTS** Defendants' request. *See* Fed. R. Evid. 201.

collective action.  (*Id.* at 23–24.)  Plaintiff opposes all of Defendants' requested relief. (Opp'n, ECF No. 33.)[2]

## III.   LEGAL STANDARD

A complaint may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) jurisdictional attack "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

"In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  In resolving the facial attack, the Court must "assume [Plaintiff's] allegations to be true and draw all reasonable inferences in his favor."  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

"[J]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional," and are only warranted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous."  *Safe Air*, 373 F.3d at 1039 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).  Where the issue goes to the merits rather than the court's subject matter jurisdiction, the proper motion is not a Rule 12(b)(1) motion but rather a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *See Trustees of Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc.*, 572 F.3d 771, 775 (9th Cir. 2009) (finding that whether defendant was an "employer" within the meaning of ERISA was a question on the merits of the claim, and not an issue of subject-matter jurisdiction, and holding that district court correctly analyzed the issue under Rule 12(b)(6) rather than Rule 12(b)(1)); *Black v. Payne*, 591 F.2d 83, 86 (9th

---

[2] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

Cir. 1979) (noting that district should have entered judgment for failure to state a claim under Fed. R. Civ. P. 12(b)(6), rather than dismiss for lack of subject matter jurisdiction, where court addressed whether plaintiff established prerequisites for claim).

## IV.    DISCUSSION

### A.    Subject-Matter Jurisdiction

Plaintiff asserts two bases for the Court's subject-matter jurisdiction.  First, Plaintiff alleges that the jurisdictional requirements of CAFA are met because the proposed class numbers at least 100 persons, Plaintiff is a citizen of a state different than at least one of the Defendants, and the amount in controversy exceeds $5,000,000.  (FAC ¶ 3.)  Plaintiff also alleges that the Court has original federal-question jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state-law claims.  (*Id.* ¶ 2.)  Defendants argue that the Court does not have jurisdiction of the state-law claims under CAFA, so the only remaining basis for jurisdiction of the state-law claims is supplemental jurisdiction. Defendants then argue that because CAFA set specific requirements for jurisdiction, which are not met here, and the FLSA claim predominates over the state-law claims, the Court should decline discretionary supplemental jurisdiction over the state-law claims.

The Court need not decide whether the requirements for CAFA jurisdiction have been met, because the Court rejects Defendants' contention that supplemental jurisdiction is not appropriate where the Court lacks CAFA jurisdiction.  The Court needs only one basis for subject-matter jurisdiction.

The parties do not dispute that the Court has original jurisdiction over the FLSA claim.  Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ."  A district court

may decline to exercise supplemental jurisdiction over a claim if (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

What Defendants appear to argue is that if a class action does not meet the requirements of CAFA, or falls into one of CAFA's exceptions, the Court may not exercise supplemental jurisdiction over the claim. For this proposition, Defendants cite a case from the District of New Jersey, which provides in a footnote that "because the exceptions in § 1332(d)(4) are mandatory, the Court should determine whether it is precluded from exercising jurisdiction under § 1332(d)(4) first, before considering whether it will exercise supplemental jurisdiction under 28 U.S.C. § 1367." *Beye v. Blue Cross Blue Shield of New Jersey*, 568 F. Supp. 2d 556, 572 n.22 (D.N.J. 2008). The Court does not find this excerpt from the *Beye* opinion persuasive for Defendants' argument. The *Beye* court was not faced with the same question as the one presented here. In fact, it was not deciding the issue of CAFA or supplemental jurisdiction at all; rather, the court was analyzing whether an implied private right of action existed in a New Jersey statute. Additionally, nowhere in the opinion does the *Beye* court agree with Defendants' position that if CAFA jurisdiction is not present, then a court may not exercise supplemental jurisdiction. Therefore, the Court declines to reach the issue whether the requirements of CAFA jurisdiction are met and instead focuses on whether supplemental jurisdiction exists.[3] If the Court has authority to exercise

---

[3] Because the Court does not reach the issue of whether CAFA jurisdiction is met, it is unnecessary to rule on Plaintiff's evidentiary objections regarding the declarations Defendants submitted, which related to disproving the existence of CAFA jurisdiction. (Pl.'s Evid. Objs., ECF No. 33-3.) The Court also need not decide Plaintiff's requests for judicial notice as they relate to evidence regarding whether one of the exceptions to CAFA apply. (Pl.'s Req. Jud. Notice, ECF No. 33-2; Pl.'s Supp. Req. Jud. Notice, ECF No. 34.)

supplemental jurisdiction over the state-law claims, then it need not reach the issue of whether any of the exceptions to CAFA apply.

The Court chooses to follow reasoning from the Seventh and D.C. Circuits, which have both held that a court can exercise supplemental jurisdiction over state-law wage-and-hour class claims when original jurisdiction is present due to an FLSA claim. *See Ervin v. OS Restaurant Servs., Inc.*, 632 F.3d 971, 979 (7th Cir. 2011); *Lindsay v. Gov't Emp. Ins. Co.*, 448 F.3d 416, 423 (D.C. Cir. 2006). All that is left to consider is whether the Court should exercise its discretionary authority to dismiss pursuant to § 1367(c). The Court finds that the state-law claims do not "predominate" over the federal claim, that those claims do not present novel or complex issues of state law, and that "exceptional circumstances" warranting dismissal do not exist. *See* 28 U.S.C. § 1367(c). Therefore, the Court exercises jurisdiction over Plaintiff's state-law claims.

## B.  Claim Splitting & *Colorado River Doctrine*

Defendants argue that the Court should dismiss or stay this case because Plaintiff has improperly split her claims between state and federal court. For this position, Defendants rely on *Adams v. Cal. Dep't of Health Services*, 487 F.3d 684 (9th Cir. 2007), in which the Ninth Circuit held that a "district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions."

First, the Court notes that the decision to dismiss an action on grounds of claim-splitting is within the trial court's discretion. *Id.* at 688. Second, *Adams* does not apply here, because that case involved two actions pending before the same federal court. *Id.* ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."); *see also McBeath v. Tucson Tamale Co.*, No. CV-16-00462-TUC-DUB, 2017 WL 724341, at *2 (D. Ariz. Jan. 31, 2017) (recognizing the limits of

holding in *Adams*). Here, Defendants request dismissal of the instant federal action based on Plaintiff's pending state court action. Unlike *Adams*, Plaintiff's actions are not pending in the "same court." *Adams*, 487 F.3d at 688.

The Ninth Circuit has recognized the long-settled rule that "overlapping or even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity . . ." *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003); *see also Rutledge v. Ariz. Bd. of Regents*, 859 F.2d 732, 736 (9th Cir. 1988) (Plaintiff "chose to file parallel state and federal actions simultaneously. There was concurrent jurisdiction and it was permissible for him to do so.") Other than citing *Adams*, which indicates that the actions must be filed in the same court for the claim-splitting defense to apply, Defendants cite no Ninth Circuit precedent specifically discussing whether a case may be dismissed on grounds of claim-splitting when the parallel action is pending in state court. In two unpublished decisions involving parallel state and federal actions, the Ninth Circuit reversed district court dismissals based on claim-splitting because both actions were not pending in the same court. *See Henderson v. Bonaventura*, 649 F. App'x 639, 641 (9th Cir. 2016); *Sanzaro v. Ardiente Homeowners Ass'n LLC*, 513 F. App'x 646, 647 (9th Cir. 2013). Because Plaintiff's concurrent actions are pending in state and federal court, dismissal on a claim-splitting theory is not appropriate in this case. *See McBeath*, 2017 WL 724341, at *5.

The Court also declines to stay this case pending the state court action pursuant to the *Colorado River* doctrine. Under *Colorado River*, federal courts may stay a case involving a question of federal law where a concurrent state action is pending in which *identical issues* are raised. *Colorado River Water Dist. v. United States*, 424 U.S. 800, 817 (1976). A stay pursuant to *Colorado River* is appropriate only under "exceptional circumstances." *Id.* at 813. Although "exact parallelism" between the state and federal proceedings is not required, "existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of

a *Colorado River* stay." *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993)).

Having reviewed the pleadings in both the state and federal court actions, the Court concludes that the likelihood of the state-court proceeding adequately addressing the issues presented in the federal proceeding is unclear. Primarily, the relief requested in the two actions are very different. In the state court action, Plaintiff is seeking civil penalties under PAGA, and if she is successful, the majority of those penalties will go to the State of California. Here, Plaintiff seeks to represent a class of individuals who seek money damages for unpaid overtime and other violations. Alternatively, a PAGA claim is not a class action and does not require certification. *See Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1122 (9th Cir. 2014) (noting the many differences between PAGA claims and Rule 23 class actions). Ultimately, Defendants have not convinced the Court that such "extraordinary circumstances" are present to justify the Court exercising its discretion to stay this case pending the state court action.

## C. Staying Case Pending *Ernst & Young*

Defendants present evidence that Plaintiff signed a binding arbitration agreement, which included a class/representative waiver. (Decl. of Nicole Marquardt ("Marquardt Decl.") ¶¶ 13–15, Ex. 1, ECF No. 31-5.)[4] They argue that because there is an issue of whether the class/representative waiver in the arbitration agreement Plaintiff signed is valid, the Court should stay this case while the question is being decided by the Supreme Court in *Ernst & Young LLP v. Morris*. Plaintiff does not dispute that she signed the agreement, but she argues that the agreement is invalid pursuant to the Ninth Circuit's decision in *Morris v. Ernst & Young LLP*, 834 F.3d 975 (9th Cir. 2016), *certiorari granted*, *Ernst & Young LLP v. Morris*, 137 S. Ct. 809

---

[4] Plaintiff objects to the portions of Marquardt's Declaration relating to the arbitration agreement on hearsay and foundational grounds. (Pl.'s Evid. Objs. ¶¶ 8, 9, 10.) The Court **OVERRULES** these objections.

(2017).  The issue of whether the arbitration agreement and class action waiver is valid will determine whether this case proceeds before the Court or in arbitration.

On May 21, 2018, the Supreme Court released its opinion in the *Ernst & Young* case.  Therefore, the Court **DENIES** Defendants' request for a stay as **MOOT**.

## V.    CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Dismiss and/or to Stay the Action.  (ECF No. 31.)

**IT IS SO ORDERED.**

May 21, 2018

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**